**FILED**

JAN 1 8 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-10-00524-DLJ (DMR) |
| Plaintiff, ) | |
| ) | DETENTION ORDER |
| v. ) | |
| ) | |
| CHERRYL WORLEY aka CHERRYL ) | |
| FERGUSON, ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION AND BACKGROUND

Defendant Cherryl Worley is charged in an Indictment with violations of 18 U.S.C. §§ 1344(1) and (2) (bank fraud), 18 U.S.C. §1029(a)(2) (fraud and related activity in connection with access devices), and 18 U.S.C. § 1028(a)(1) (aggravated identity theft), along with associated forfeiture allegations. On January 5, 2011, the United States moved for Ms. Worley's detention and requested a detention hearing under 18 U.S.C. § 3142(f). The Court ordered a full bail study, and scheduled a detention hearing with the parties' consent for January 14, 2011.

At the January 14, 2011 hearing, defense counsel argued for the first time that the Government had not established under 18 U.S.C. § 3142(f) that a detention hearing should even

DETENTION ORDER
CR 10-00524-DLJ (DMR)                                    1

cc: Copy to parties via ECF, Frances, 2 certified copies to the U.S. Marshal,
    Pretrial Services

be held.  Subsection 3142(f)(1) requires a detention hearing where the defendant is charged with certain kinds of offenses, none of which are present here.  Subsection 3142(f)(2) requires a hearing upon the Government's motion, or upon the judicial officer's own motion, in a case that involves either (1) "a serious risk that the person will flee," (*see* 18 U.S.C. § 3142(f)(2)(A)), or (2) "a serious risk that [Defendant] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."  *See* 18 U.S.C. § 3142(f)(2)(B).

The Government did not argue, nor does this Court find that a hearing is required because Ms. Worley presents a serious risk of flight.  Thus, the Government's right to a hearing must be justified under the standard set forth in § 3142(f)(2)(B).  Defense counsel correctly points out that this standard differs from that which the Court must apply in determining whether Defendant should be released: namely, whether Defendant presents a danger to "safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

The Court finds that a detention hearing is warranted because there is a serious risk that Ms. Worley will obstruct or attempt to obstruct justice.  18 U.S.C. § 3142(f)(2)(B).  Although one more commonly thinks of destruction of documents or witness tampering as examples of obstruction of justice, more broadly speaking, obstruction of justice involves interference with the prosecution of a case in some way.  Ms. Worley's circumstances are somewhat unusual but nevertheless amount to a serious risk of obstruction.  The Court finds that her history of prior behavior before this Court, described in more detail below, raises a serious risk that she will attempt to obstruct justice by continuing to engage in illegal and fraudulent activities during the pendency of the current indictment.  If she continues to commit fraud while her case is pending, as she repeatedly has done in the past, it will amount to interference with the prosecution.  In the past, the efforts to prosecute Ms. Worley multiplied and became more complicated, resulting in three successive indictments rather than one, because she did not stop her illegal activity while out of custody and awaiting trial.  For this reason, the Court finds that the Government is entitled to a full detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(B).

On January 14, 2011, the Court conducted the bail hearing, during which the parties were

1 | given an opportunity to proffer information in support of their positions.  The Court also

2 | reviewed the bail study, which recommended that Defendant remain in custody due to the danger

3 | that she presents to the community.

4 | ## II. LEGAL ANALYSIS UNDER THE BAIL REFORM ACT

5 | The Bail Reform Act requires that in a pretrial posture, the Government bears the burden

6 | of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be

7 | mitigated through the imposition of conditions of release.  If the Government does not meet its

8 | burden, the Court's duty is to fashion appropriate conditions that permit the defendant to remain

9 | out of custody during the preparation of his or her defense, while safeguarding against flight or

10 | community danger.  Close cases should result in release: "[t]o give effect to the principle that

11 | doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule

12 | against detention in close cases..." *U.S. v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992)

13 | (Walker, J.) (quoting *U.S. v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

14 | A person facing trial generally shall be released if some "condition, or combination of

15 | conditions ... [can] reasonably assure the appearance of the person as required and the safety of

16 | any other person and the community."  18 U.S.C. § 3142(c)(1)(B).  The court must order a

17 | defendant detained if the court finds that conditions cannot be fashioned to assure the defendant's

18 | appearance in court, or the safety of the community or another person.  18 U.S.C. § 3142(e)(1).

19 | The Government bears the burden of proof on either prong.  To prove that no condition or

20 | combination of conditions can assure that the accused will appear at required court hearings, the

21 | Government must show by a preponderance of the evidence that the accused is a flight risk.

22 | *United States v. Aitken,* 898 F.2d 104, 107 (9th Cir. 1990).  The Government must prove that

23 | Defendant poses a non-mitigable danger to the community through clear and convincing

24 | evidence. *Motamedi*, 767 F.2d at 1406-1407.

25 | Bail hearings generally proceed by proffer, and the rules of evidence do not apply.  18

26 | U.S.C. § 3142(f).  At the hearing, the Court determines whether any conditions in section

27 | 3142(c) will reasonably assure the defendant's appearance and the safety of the community or

28 | another person.  *Id.*  The Bail Reform Act "mandates release of a person facing trial under the

DETENTION ORDER
CR 10-00524-DLJ (DMR)                              3

1   least restrictive condition or combination of conditions that will reasonably assure the appearance

2   of the person as required." *Motamedi*, 767 F.2d at 1405.

3       In evaluating whether pretrial release is appropriate, a court must consider (1) the nature

4   and circumstances of the offense, (2) the weight of the evidence, (3) the history and

5   characteristics of the person (including his character, physical and mental condition, family ties,

6   employment, financial resources, length of residence in the community, community ties, past

7   conduct, history relating to drug and alcohol abuse, criminal history, or record concerning

8   appearance at court proceedings), and (4) the nature and seriousness of the danger to any person

9   or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at

10  1407.

11      **A.    The Nature and Circumstances of the Offense**

12      Ms. Worley is charged with one hundred and fourteen counts of bank fraud, fraud in

13  connection of access devices, and aggravated identity theft. According to the Government's

14  proffer, Ms. Worley has a history of hiding her criminal record and obtaining jobs that give her

15  access to individual's private information (such as positions in universities and medical offices).

16  Ms. Worley then allegedly misappropriates individuals' identifying information and uses it to

17  engage in fraud for her own gain.

18      The instant offense charges that she engaged in identity theft and fraud from no later than

19  August 2007 through December 2008. The Government proffered that Ms. Worley engaged in

20  the currently charged illegal activity soon after she was released from Bureau of Prisons custody

21  for which she was serving sentences for three prior identity theft and fraud convictions.

22      **B.    The Weight of the Evidence**

23      The Ninth Circuit has held that in order to guard against the possibility of making a

24  "preliminary determination of guilt" that then leads to punishment in the form of a refusal to

25  grant release, the weight of the evidence is the least important of the various factors. *Motamedi*,

26  767 F.2d at 1408. The weight of the evidence against Ms. Worley in this case appears to be

27  strong. The Government proffered four exhibits purporting to itemize well over 150 individual

28  instances of fraudulent transactions by Ms. Worley. The Government also proffered that

DETENTION ORDER
CR 10-00524-DLJ (DMR)                           4

1  investigators located merchandise and information in Ms. Worley's home and computer that

2  correspond with SKU numbers and stolen identity information involved in the case.

3        **C.    The History and Characteristics of Defendant and the Nature and
         Seriousness of the Danger to Any Person or the Community**

4

5        Ms. Worley is thirty-six years old and has lived in the Bay Area her entire life. She

6  currently is incarcerated in the Federal Detention Center, where she is serving a sentence for a

7  supervised release violation; she is due to be released on February 5, 2011. Ms. Worley has three

8  children, all of whom live in the East Bay. Her two younger children, ages 9 and 13, live with

9  their father. Her older daughter, age 17, lives with that daughter's paternal grandmother. Ms.

10 Worley received a GED and attended some community college classes. With respect to her

11 health, Ms. Worley has hypertension, alopecia, and anemia.

12       Ms. Worley's state criminal history began in 1997 with two felony convictions for access

13 card theft. She sustained an additional felony in 1997 for fraud to obtain aid. She was arrested in

14 1999 for forgery. She sustained a misdemeanor DUI conviction in December 2008. The bail

15 study also shows a May 2009 arrest for second degree burglary and theft by forged or invalid

16 access card. Neither the Government nor defense proffered further information about this event;

17 the bail study indicates a March 2, 2011 future court date associated with this incident.

18       With respect to her federal criminal history, she first appeared before a magistrate judge

19 in 2002 on an arrest for mail fraud. She was granted pretrial release. Ms. Worley perpetrated

20 fraud while on pretrial release, which resulted in a second indictment. Ms. Worley was again

21 released on bond by the magistrate judge. Both the first and second release order were revoked

22 in February 2004 due to continuing illegal behavior. While on release during the first and second

23 case, Ms. Worley was indicted a third time for new fraudulent activity. Ms. Worley eventually

24 pleaded guilty to counts in all three indictments, and served sentences on all three. Her

25 supervised release term commenced on January 31, 2006. As noted above, the Government

26 proffered that soon after she was released from prison, she engaged in the fraud that has led to

27 this fourth indictment.

28       In January 2009, U.S. Probation filed three separate Form 12 petitions charging her with

DETENTION ORDER
CR 10-00524-DLJ (DMR)                          5

1  violations of her supervised release based upon her DUI arrest, failure to timely report the arrest,

2  failure to pay restitution as ordered, failure to submit truthful and complete written reports,

3  failure to timely notify her probation officer of a change in employment, and violation of the

4  special condition that she not be in a fiduciary capacity or be employed in a position where she

5  has access to financial and/or personal information without prior approval. This last violation is

6  particularly troubling from the perspective of a Bail Reform Act analysis, given its close

7  connection to Defendant's ability to perpetrate acts of identity theft.

8      Ms. Worley admitted to the supervised release violations in January 2010, and self-

9  surrendered for her sentence in May 2010.

10      Defense counsel proffered that Ms. Worley's oldest daughter's paternal grandparents

11  would be willing to sign a secured bond. They own a home in Richmond; however, the home

12  currently has a market value that is less than the amount of their mortgage.

13      **D.    Conclusion**

14      The Court finds that Ms. Worley does not present a serious risk of flight that cannot be

15  mitigated with conditions of release. However, the Court also finds that the Government has

16  demonstrated by clear and convincing evidence that Ms. Worley presents a danger to the safety

17  of other persons and the community.

18      Ms. Worley repeatedly has demonstrated that she cannot stop herself from engaging in

19  serious and widespread identity theft while on court supervision. Her pattern of behavior

20  presents a serious risk of economic danger to the community. Although identity theft does not

21  involve physical violence, it can nevertheless create havoc and result in great harm to its victims.

22  *U.S. v. Reynolds*, 956 F.2d 192, 192-193 (9th Cir. 1992) (under Bail Reform Act, danger to

23  community may, in some cases, encompass pecuniary or economic harm). In the presentence

24  reports for Ms. Worley's prior federal fraud convictions, the probation officer notes in the

25  strongest possible terms that a prior period of incarceration, pretrial supervision, and the threat of

26  further custody time have not deterred Defendant in the least from continuing to engage in

27  fraudulent activity.

28      Defendant argues that Ms. Worley has reformed her behavior, and that there is no

DETENTION ORDER
CR 10-00524-DLJ (DMR)                    6

1   evidence of criminal behavior for a window of time in 2009 when she was out of custody.[1]

2   However, this brief window cannot shift the weight of Defendant's significant and long-standing

3   pattern of committing fraud while under successive indictments and also while on community

4   supervision, coupled with the current allegations of fraud committed through 2008. The

5   Government thus has established by clear and convincing evidence that Ms. Worley's release

6   would present a serious risk of danger to the community. Her two prior revocations of pretrial

7   release for continuing fraudulent activity are further indications that conditions of release are not

8   adequate to mitigate the danger she poses.

9          The Court detains Ms. Worley because of a serious risk of danger to the community that

10  cannot be mitigated through conditions of release. Ms. Worley shall remain committed to the

11  custody of the Attorney General.

12         IT IS SO ORDERED.

13

14

15  DATED: January 18, 2011

    ~~DONNA~~ NA M. RYU
16                                          United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26  _____

27  [1]  As noted above, the bail study shows an arrest in May 2009 for second degree burglary and
    theft by forged/invalid access card, with an active court date scheduled for March 2, 2011. However,
28  neither party was able to provide any additional information about this arrest.

DETENTION ORDER
CR 10-00524-DLJ (DMR)                       7