BARRY J. PORTMAN
Federal Public Defender
JOYCE LEAVITT
Assistant Federal Public Defender
555 12th Street, Suite 650
Oakland, CA 94607
Telephone: (510) 637-3500
Fax: (510) 637-3507

Counsel for Defendant WORLEY aka FERGUSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 10-00524 DLJ |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPLY RE: MOTION FOR REVOCATION OF DETENTION ORDER |
| vs. | ) | |
| | ) | Date: February 25, 2011 |
| | ) | Time: 11:00 a.m. |
| CHERRYL WORLEY aka CHERRYL FERGUSON, | ) | Ctrm: Honorable D. Lowell Jensen |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant Cherryl Ferguson filed a motion ("Motion") to revoke the magistrate's January 18, 2011 detention order ("Order") arguing that (1) there is no valid statutory basis for detaining Ms. Ferguson in order to hold a detention hearing; and (2) even if there were such a basis, there are conditions of release which will reasonably assure that Ms. Ferguson not pose an economic danger to the community. The government filed an opposition arguing that the defendant should remain detained as an economic danger to the community.

For the reasons described below, as well as in the Motion, the Court should revoke the Order and release Ms. Ferguson.

*U.S. v. Ferguson*, CR 10-00524 DLJ;
Reply re Mot. to Revoke Detention Order

# ARGUMENT

## I. THERE IS NO STATUTORY BASIS TO DETAIN MS. FERGUSON OR HOLD A DETENTION HEARING

As discussed in the Motion, the Bail Reform Act ("the Act") does not require that every individual appearing in federal court be detained or subject to a detention hearing. Rather, there are specified grounds for seeking detention as described in 18 U.S.C. §3142(f)(1). None apply in this case. There are also two other grounds for requesting a detention hearing based upon either (A) a serious risk that the defendant will flee; or (B) a serious risk that the defendant will obstruct justice. 18 U.S.C. §3142(f)(2). In this case, no one has argued, nor did the Court find that the defendant poses a serious risk of flight. *See* Order at 2. Instead, the magistrate court determined that a detention hearing is warranted under 18 U.S.C. §3142(f)(2)(B) because of a "serious risk that . . . [the defendant] will attempt to obstruct justice by continuing to engage in illegal and fraudulent activities during the pendency of the current indictment." *Id*.

The magistrate court's determination that ongoing economic crimes amount to "obstruction of justice" for purposes of 18 U.S.C. §3142(f)(2)(B) is unsupported by caselaw. To the contrary, the cases in which courts have interpreted 18 U.S.C. §3142(f)(2)(B) have viewed it narrowly and required the government to show more often witness or victim intimidation or tampering and often requiring evidence that a defendant had actually threatened or would likely threaten witnesses if released. Even generalized danger or ongoing criminal conduct "is not enough. *See, e.g. United States v. Ploor*, 851 F.2d 7, 8-12 (1st Cir. 1988)(district court can't detain under (f)(B)(2) based on generalized danger to the community); *United States v. D'Amore*, 2008 WL 2142218 (D. Mass. 2008)(ordering release even though defendant was on supervised release when he committed charged offense); *United States v. Clark,* 68 F.3d 467 at **1-2 (5th Cir. 1995) (unpublished) (detention where defendant said she would blow away agents and had bought guns and ammo); *United States v. Petersen*, 557 F. Supp. 2d 1125-33 (E.D. Cal 2008)(detention where defendant sent threatening text messages to victims and had threatened,

intimidated and attempted to deter victim/witnesses in this case); *United States v. Torres*, 2009 WL 19566233 (S.D. Fla. 2009)(unpublished)(detention where Mafia underboss would likely harm witnesses). Simply put, there is no support for the magistrate's determination that ongoing economic crimes constitute attempted obstruction of justice for purposes of requiring a detention hearing under 18 U.S.C. §3142(f)(2)(B) of the Act. The fact that the cases which interpret this section of the statute read it so narrowly as to require threats and harm directed at witnesses in a particular case is strong indication that the magistrate's expansive reading should be rejected.

The cases cited by the government in it's Opposition do not address the issue of whether a detention hearing is even appropriate. United States' Opposition to Defendant's Appeal of the Magistrate Judge's Detention Order ("Opposition") at 2-3. The cases cited by the government discuss in very general terms whether economic crimes may constitute a danger to the community. *Id*. But unless there is a basis for holding a detention hearing under 18 U.S.C. §3142(f)(1) or (2) in the first instance, the question of whether a defendant should ultimately be detained as a danger to the community cannot be reached. In this case, there is no statutory basis to detain Ms. Ferguson in order to hold a detention hearing. Therefore, the Court should revoke the Order.

**II.     EVEN IF THERE IS A STATUTORY BASIS FOR A DETENTION HEARING, CONDITIONS MAY BE SET TO ENSURE THAT MS. FERGUSON NOT POSE A DANGER TO THE COMMUNITY**

Even if the magistrate's reading of the Act could somehow be supported, there are conditions of release which can be fashioned in this case. In support of it's argument that Ms. Ferguson poses an unmitigable danger to the community based upon economic crimes, the government cites a number of cases which are of no assistance. Opposition at 2-3. Many of the cases are district court cases which are unpublished or out-of-district. *Id*. Furthermore, although the courts in each case, acknowledge the possibility that economic crimes may constitute a danger for purposes of bail, none of the cases actually involve a defendant who is detained pre-trial, based solely upon a finding of economic danger to the community. Opposition at 2-3. *See,*

*e.g.*, *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992)(defendant detained post-conviction pending appeal); *United States v. Cohen*, 2010 WL 5387757 (N.D.Cal.)(defendant detained based, in part, upon "a serious risk that [he] will flee. . . given the defendant's ties outside the district, including his ties to Israel of which he remains a citizen, and his alleged access to substantial funds held in financial institutions outside the United States."); *United States v. Torres*, 2009 WL 2160581 (N.D. Cal.)(defendant detained in presumption case under 18 U.S.C.§3142(e)  in drug case where defendant traveled frequently to Mexico and would likely be deported); *United States v. Parodi*, 2008 WL 683421 (N.D. Cal.)(defendant detained in presumption case under 18 U.S.C.§3142(e) in a drug case where defendant used false identification, was a flight risk and had an immigration detainer); *United States v. Jinwright*, 2010 2926084 (W.D.N.C.)(defendant detained post-conviction pending sentencing because he failed to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger); *United States v. Norman*, 2009 WL 464078 (S.D. Fla.)(defendant detained post-conviction pending supervised release hearing based, in part, upon defendant's prior flight);*United States v. Kimoto*, 2008 WL 4516315 (S.D. Ill.)(defendant detained post-conviction based, in part, upon facing 29 year custodial sentence and access to substantial sums of money); *United States v. Morgan*, 2008 WL 2705069 (D. Utah)(defendant detained after immigration detainer placed on defendant and court determines, in part, that there is a risk of non-appearance); *United States v. Moss*, 522 Supp. 1033(E.D. Pa. 1981)(defendant detained post-conviction pending appeal); *United States v. Miranda*, 442 F. supp. 786 (S.D. Fla. 1977)(defendant detained post-conviction pending appeal after drug trafficking conviction.)

Thus, while the cases cited by the government include language which supports the proposition that a finding of danger to the community may encompass pecuniary or economic harm, in none of the cases is a defendant detained pre-trial based solely upon a finding of dangerousness based upon economic harm. *See also, United States v. Madoff,* 586 F. Supp. 2d 240, 253-54 (S.D. N.Y. 2009)(cases only "narrowly recognize the possibility of economic harm

and rarely conclude that economic harm rises to the level of a danger to the community for which someone should be detained.); *United States v. Parr*, 399 F. Supp. 883, 888 (W.D. Tex. 1975)(defendant detained based primarily on flight risk). And close cases should be determined in favor of release. *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992); *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985).

In this case, Ms. Ferguson is not a flight risk and so the *only* grounds for detaining her are that she is an economic danger to the community. The charges in this case allege criminal conduct in 2008 which predates Ms. Ferguson's last supervised release violation hearing and appearances before this Court in 2009 and 2010. During that time, she made her court appearances, she self-surrendered to the facility to which she was designated and she was not committing crimes while she was appearing before the Court for her supervised release violations. Ms. Ferguson has shown that any risk of danger she poses can be addressed through strict conditions of release. For example, a bond signed by Ms. Ferguson's friend and the grandparents of her daughter would assure that she follow the rules and not commit crimes while on release. In addition, a condition that she submit to home detention, have limited access to the computer, submit to mental health counseling, and any other conditions of release which this Court might set, will reasonably assure that Ms. Ferguson will not pose a danger to the community. The government has failed to meet it's burden of showing that Ms. Ferguson is an unmitigable danger to the community such that there are no conditions which can reasonably assure the safety of the community. For all of these reasons, the Court should revoke the Order and set conditions of release.

/ /

/ /

**CONCLUSION**

There is no statutory basis to detain Ms. Ferguson in order to hold a detention hearing. In addition, there are conditions which can be set by this Court which will reasonably ensure that Ms. Ferguson come to court and not pose a danger to the community or others. For these reasons, Ms. Ferguson asks the Court to revoke the Order and set conditions of release in this matter.

Dated: February 22, 2011

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s/

JOYCE LEAVITT
Assistant Federal Public Defender